# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 26, 2022

Lyle W. Cayce
Clerk

No. 22-50310
Summary Calendar

---

Delarick William Evans, *Native American Global-Exchange*, *its Chief Executive Officer*,

*Plaintiff—Appellant*,

*versus*

NetSpend Corporation, *in their individual/official capacity*; CEO/President Antonio; NetSpend San Antonio,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:22-CV-28

---

Before King, Jones and Smith, *Circuit Judges*.

Per Curiam:*

Delarick William Evans, a detainee at the Bexar County Adult Detention Center (SID # 1151333), has filed a motion for leave to proceed in

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-50310

forma pauperis (IFP) on appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint with prejudice for failure to state a claim.

Evans's assertion that he is entitled to proceed IFP on appeal because the district court denied his IFP motion without certifying that his appeal was not taken in good faith is belied by the record. Further, by moving in this court to proceed IFP, Evans is challenging the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Evans, however, has not addressed the district court's finding that he failed to name a viable § 1983 defendant, and he has therefore abandoned any such challenge. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

In light of the foregoing, Evans has failed to show that "the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). Accordingly, the IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See id.*; 5TH CIR. R. 42.2.

The district court's dismissal of Evans's suit for failure to state a claim and our dismissal of his appeal as frivolous both count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537-40 (2015). Evans is WARNED that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).